United States District Court
Southern District of Indiana
Terre Haute Division

Antonio D. Townsend,
Plaintiff,

v.                                    Cause No. 2:23-cv-00525-MPB-MG

Jackie Storm, the
Religious Programs Director;
and the Director of the
Religious Services Department,
David Liebel, sued in their
official and individual Capacities,
Defendants.

FILED
11/14/2023
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

Complaint

1. Parties

A. Plaintiff:
Name: Antonio D'Angelo Townsend
Identification Number: 228661
Address: P.O. Box 1111 • Carlisle, IN. • 47838

B. Defendant(s):
Name: Jackie Storm
Title: Religious Programs Director
Address: 6908 S. Old U.S. Hwy 41 • Carlisle, IN. • 47838

1.

Name: David Liebel
Title: Director of the Religious Services Department
Address: 6908 S. Old U.S Hwy 41 • Carlisle, IN. • 47838

## 2. Statement of Jurisdiction:

Jurisdiction over this action exists in the United States District Court for the Southern District of Indiana because, I was housed at the Wabash Valley Correctional Facility and itself is located in the Southern District of Indiana, Terre Haute Division. I am suing under a violation of a federal law under 28 U.S.C. §1331.

## 3. Cause of Action:

Ground 1: My First Amendment Constitutional right have been violated under the Free Exercise Clause when, the defendants, unjustifiably placed a substantial burden on my religious practices by interfering with the practices that I follow to prepare for prayer, and by failing to state a legitimate penological interest, which also caused a substantial risk of serious harm to my health.

Ground 2: The Religious Land Use and Institutionalized Persons Act (RLUIPA) was violated when, the defendants, unjustifiably imposed a substantial burden on my freedoms to exercise my religious beliefs by interfering with the practices that I follow to prepare for prayer, and failing to demonstrate that imposition of the burden in furtherance of

2.

a compelling governmental interest and the least restrictive means of furthering that compelling interest. RLUIPA 42 U.S.C. § 2000CC-1(a)

### 4. Statement of Facts:

On October 4, 2023, the defendants, unjustifiably imposed a substantial burden on my freedoms to exercise my religious beliefs by interfering with the practices that I follow to prepare for prayer, and by failing to state a legitimate penological interest, which also caused a substantial risk of serious harm to my health; and failed to demonstrate that imposition of the burden in furtherance of a compelling governmental interest and the least restrictive means of furthering that compelling interest.

I am a practicing Muslim, and as a practicing Muslim, I perform Salat, which is a ritual prayer that Muslims perform five (5) times a day, in a set form. Before Salat, I must perform Wudu - a ritualistic cleansing that involves placing fresh water on the hands, forearms, face, head, nose, and feet. If my body is dirty or if I recently had a seminal emission then I must perform ghusl before Salat. Ghusl involves taking a full bath or a full shower with water and something to cleanse the body with.

I'm on Administrative Segregation in the SCU, and I am constrained to order my commissary from a restricted commissary form that's only suppose to be given to incarcerated individuals that are placed

3.

on Disciplinary Segregation; specifically, the IDOC Disciplinary Form O6E-WVC (Blue form), which is a highly ~~restricted~~ restricted Commissary form that limits the items that incarcerated individuals may choose to purchase; and which contains: very few hygenic items, over-the-counter medication, and other miscellaneous office supplies. Also on that form are a select few religious halal hygiene items that are available for incarcerated individuals in the SCU. But when I tried to order the "Halal Coconut Shampoo/Conditioner" that's currently placed on Line 224 of the IDOC Disciplinary form O6E-WVC, Stock Code: R1028, my receipt, or my "Manual Order Delivery Paperwork," (EC0961), stated that, the item was inactive. But according to the IDOC Disciplinary Price form O6P-WVC (EC1292), states that, the item is active; meaning that the item is available to order. Now rather the item is active or inactive, one thing that's foresure is that, the item is not banned from Commissary. Therefore, there is not a valid, rational connection to a legitimate governmental objective, and the inability to purchase the religious halal hygiene product imposed a substantial burden on my freedoms to exercise my religious beliefs, by interfering with the practices that I follow to prepare for prayer. Furthermore, on September 18, 2023, I sent, the religious programs director, Jackie Storm; and the Director of the religious services department, David Liebel, a request form; specifically, stating how the halal hygiene product is an essential element to life's necessities, how the denial of the halal hygiene product have

4.

unjustifiably imposed a substantial burden on my freedoms to exercise my religious beliefs, and how the denial of the halal hygiene product has caused a substantial risk of serious harm to my health by exacerbating injuries & damages to my hair & my scalp. Thus, the condition of the injuries have worsened due to the denial of the halal hygiene product; Whereas, the medical professionals had to prescribe me to receive "Thera-Gel Therapeutic Shampoo," once a month; which also comes in a form of a bottle; and which is also locked & secured in the sharp box that's assigned to my cell. On October 4, 2023, Jackie Storm, responded to my request, and stated, "Halal Coconut Shampoo is in a bottle and that is not allowable property for the SCU." But her aspersion is frivolous. Per Policy <u>02-01-111</u>, <u>Section IX.</u>, <u>paragraph M.</u>, specifically states that, "No bottles of any kind are authorized for offender possession <u>inside the cell</u>." Therefore, bottles are **NOT** strictly prohibited in the SCU, they're just **not** allowed to be in the possession of an incarcerated individual while they're inside of their cells. In addition, there are two (2) boxes on every range in the SCU that are called, "Sharp boxes," which are key pad-locked & inventoried every single day & night by the prison officials; and those boxes are only used for securing incarcerated individuals personal property that's not authorized to be in the possession of inmates while they're inside of their cells; properties such as: Razors, nail clippers, mirrors, beard trimmers, bottles of shampoo, etcetera. There's

5.

one(1) box on every top tier of each range in the SCU, and there's another one on every bottom range; inside of each & every one of those boxes are six(6) individual boxes that are assigned to each cell on the range, for every range, (one box for each cell). Therefore, there are definitely alternative means of exercising the right that remain open for me. Thus, the defendants, also have failed to state what impact or safety & security risk the halal hygiene product poses to the facility staff & other inmates, if they were to allow me to receive the product & then lock and secure the halal hygiene product inside of the sharp box that's assigned to my cell; which is also an obvious alternative to the restriction. Therefore, the restriction of the sale of the halal hygiene product was not the least restrictive means of promoting a compelling governmental interest. In addition, during the grievance process, the grievance specialist manager, C. Coakley, stated that, I am "offered Shampoo/Conditioning packs" to properly cleanse with, which is also frivolous, due to the fact that, "Shampoo/Conditioning packs" are **ONLY** offered to indigent incarcerated individuals free of charge, and I am not labeled as indigent; therefore, I do not qualify for indigent items. Thus, since there's no possible way of me ever knowing what kind of ingredients are inside of the Shampoo/Conditioning packs or how they're made or what they're made of, then that would put substantial pressure on me to modify my behavior & violate my beliefs. Because I am a practicing Muslim, and halal is the things and acts permitted by Allah. One who does so, will be rewarded by Allah; and one who

6.

does not do so, will be punished by Allah. As a Muslim, I have certain morals & beliefs that I truly believe in, and one of those beliefs are how the prophet taught that, a good deed done to an animal, is like a good deed done to a human being; While an act of cruelty to an animal, is as bad as cruelty to a human being. He prohibited the use of live birds and animals as a target for arrows, the killing of animals for sport, slaughtering an animal in front of other animals, and forbade over-burdening animals; Whereas, animal based byproducts are completely forbidden by Allah. Therefore, for the reasons stated above, My <u>First Amendment</u> Constitutional right have been violated under the free exercise clause and my right under the <u>Religious Land Use and Institutionalized Persons Act</u> '(RLUIPA)' have been violated as well. I am seeking Nominal & Punitive Damages for the violation of my <u>First Amendment</u> Constitutional right and Declaratory & Injunctive Relief for the violation of the <u>RLUIPA</u>.

## 5. Relief

I am requesting $500,000.00 Nominal & Punitive Damages, for the violation of my First Amendment Constitutional right, the substantial burden on my religious practices, and the substantial risk of serious harm to my health;

Im also requesting $500,000.00 Declaratory & Injunctive relief, for the violation of the Religious Land Use and Institutionalized Persons Act (RLUIPA), the substantial burden on my freedoms to exercise my religious beliefs, and for failing to demonstrate that imposition of the burden in furtherance of a compelling governmental interest and the least restrictive means of furthering that interest;

and lastly, Im requesting that this doesn't ever happen again in the future.

## Affirmation of Plaintiff

I, the Plaintiff, in the aforementioned cause, do affirm that I have read all of the statements contained in this complaint and that I believe them all to be true and accurate to the best of my knowledge and belief.

Signed this 17th day of November, 2023.

Antonio D. Townsend